CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 22 2009

JOHN F. CORCORAN, CLERK
BY: S. Taylor
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| MARION LEA BEA, ) | Civil Action No. 7:09-cv-00232 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BRYAN B. WATSON, ) | By: Hon. James C. Turk |
| Defendant. ) | Senior United States District Judge |

Plaintiff Marion Leon Bea, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Bea alleges that the defendant wrongfully held him in segregated confinement since September 2007 at the Wallens Ridge State Prison ("WARSP") and he is afraid of other inmates and staff. Bea also applies to proceed without prepayment of the $350.00 filing fee. Upon reviewing the record, the court concludes that this action must be dismissed without prejudice, pursuant to 28 U.S.C. §1915(g), because Bea does not qualify to proceed without prepayment of the fee.

Section 1915(b) requires the court to assess against an indigent inmate the $350.00 filing fee for a civil action. An inmate may pay this fee through installments withheld from his inmate account. However, § 1915(g) denies the installment payment method to those inmates who had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim. An inmate-litigant with "three strikes" may nevertheless qualify to proceed under the installment payment plan if he "is in imminent danger of serious physical injury." § 1915(g).

The United States District Court for the Eastern District of Virginia held that Bea previously filed at least three civil actions or appeals that were then dismissed as frivolous, malicious, or for failure to state a claim; thus, the Eastern District Court has denied Bea the opportunity to file any further civil actions without prepayment or alleging imminent physical

harm, pursuant to § 1915(g). See Bea v. Doe, Case No.1:05-cv-1096 (E.D. Va. 2005) (recognizing that Bea had three previous dismissals that qualified him as a "three-striker" for in forma pauperis under 28 U.S.C. § 1915(g)). Based on the Eastern District Court's findings, the court must deny Bea's request to proceed without prepayment of the filing fee unless he satisfies the "imminent physical harm" requirement of § 1915(g).

Bea's allegations in his complaint do not excuse him from paying the filing fee in-full. He alleges that he has been in segregated confinement since September 2007 and threatened to harm himself on June 16, 2009.[1] Bea generally alleges that he is scared and feels in danger at WARSP. Although he alleges that he fears for his life, Bea fails to allege any specific facts on which he bases these fears other than the fact that WARSP is a maximum security prison and that he planned on hurting himself on June 16, 2009. Bea's conclusory allegations are not sufficient to demonstrate that he is in imminent danger of physical harm under § 1915(g) so as to allow him to proceed without prepayment of the filing fee. Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g)). An inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

Furthermore, an inmate cannot create the imminent danger so as to escape the three strikes provision of the PLRA. To allow inmates to allege future infliction of self-harm to bypass § 1915(g) would eviscerate Congress' intent to limit the frequency of inmates' frivolous suits.

---

[1] The envelope in which Bea mailed the complaint bears the United States Postal Service's date stamp of June 15, 2009, and the court docketed the complaint on June 16, 2009.

2

See Ball v. Allen, 2007 U.S. Dist. LEXIS 9706, 2007 WL 484547 (S.D. Ala. Feb. 8, 2007); Muhammad v. McDonough, 2006 U.S. Dist. LEXIS 38403, 2006 WL 1640128 (M.D. Fla. June 9, 2006); Wallace v. Cockrell, 2003 U.S. Dist. LEXIS 19131, 2003 WL 22961212 (N.D. Tex. Oct. 27, 2003). The serious physical injury must also be imminent at the time of filing the complaint. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Based on the date of Bea's filings, Bea alleges self-inflicted harm as a future event, and Bea's allegation of self-harm also does not describe any "serious" injury.

Bea clearly knew from previous orders and opinions issued to him in his previous cases that he no longer automatically qualified to proceed in forma pauperis. Therefore, the court dismisses the complaint because Bea fails to satisfy the harm exception to § 1915(g).[2]

III.

For the foregoing reasons, the court dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915(g).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 22nd day of June, 2009.

Senior United States District Judge

---

[2] Bea must pay the filing fee at the time he initiates the suit and cannot simply pay the filing fee after being denied in forma pauperis status. Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002).

3